[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' PETITION FOR HABEAS CORPUS
On May 26, 1998, Jermaine Filyaw, pursuant to plea agreement with the state, entered a plea under the Alford Doctrine to one count of sexual assault in the first degree in violation of Conn. Gen. Stat. Sec.53a-70(a)(1), and to one count of burglary in the first degree in violation of Conn. Gen. Stat. Sec. 53a-101(a)(2). After hearing argument for a lesser sentence, the court issued a total effective sentence of incarceration for a period of twenty years.
Jermaine Filyaw has filed a petition for habeas corpus, as amended, in which he claims that he is illegally confined because of ineffective assistance of counsel in the following ways: 1) his trial counsel did not consult properly with his mother — his legal guardian since he was a CT Page 6223 minor at the time of his arrest — prior to his entering a plea of guilty upon which the conviction was based; and 2) his trial counsel did not inform him that because he pled guilty with a plea agreement with the state, he could not apply for sentence review. The second ground of the petition has been addressed by a subsequent agreement of the parties upon which this court entered an order permitting sentence review.
At the habeas trial the court heard testimony from the following witnesses: petitioner Jermaine Finlay; Cassandra Pappas, petitioner's mother; and Brian Carlow, petitioner's trial counsel. From the evidence presented at the habeas trial the court finds the facts set out in this decision.
Jermaine Filyaw attended a New Years Eve party on December 31, 1996. Prior to going to the party he inhaled PCP — angel dust — through a manipulated cigar device called a "philly blunt." At the party he drank alcohol and had two blunts of marijuana which "brought his PCP back into effect." He described himself as being high and drunk. While in this condition he left the apartment in which the party was taking place and entered the apartment of a lady who was 89 years old. He admits to being in her bedroom, and that he pushed her down while he was in the process of leaving her apartment. The elderly lady complained of being sexually assaulted by him. She was hospitalized for two days following the alleged assault. Jermaine Filyah's fingerprints were found in her bedroom. Shortly thereafter he was arrested. He was seventeen years old at the time of his arrest, and eighteen years old at the time of his plea.
In January or February of 1998 the court appointed Cassandra Pappas, Jermaine Filyaw's mother, as his guardian ad litem, and explained to her her duties as guardian ad litem. Attorney Brian Carlow was appointed as his trial counsel. Attorney Carlow met with the Assistant State's Attorney assigned to prosecute the case, reviewed written statements of witnesses, and discussed the terms of a possible plea agreement. Attorney Carlow filed a Motion to Suppress the use of the fingerprint identification. He was informed that a plea offer may be withdrawn.
Attorney Brian Carlow met with Cassandra Pappas on at least three occasions and reviewed her son's case with her. He explained the state's charges against her son and in April of 1998 he gave her a copy of the witness statements. Attorney Carlow also informed her that her son was charged with Robbery in the First Degree, Attempted Robbery in the First Degree, Burglary in the First Degree, two counts of Sexual Assault in the First Degree, Assault on a Victim over 60, and Kidnaping in the First Degree. Attorney Brian Carlow further informed Cassandra. Pappas that the state had a strong case against her son, and that if the state prevailed on all of the charges against him he could be sentenced to 80 years in CT Page 6224 prison.
Attorney Brian Carlow met with Jermaine Filyaw on several occasions when he was brought to court. In March of 1998 attorney Carlow handed the witness statements to Jermaine Filyaw to review. Furthermore, attorney Carlow met with Jermaine Filyaw on May 14, May 18 and May 21, 1998, prior to the entry of the plea on May 26, 1998. On these occasions attorney Carlow explained the evidence that the state had against him. Cassandra Pappas was present on at least two of the occasions during which attorney Brian Carlo discussed the case.
Although Brian Carlow informed Cassandra Pappas that it was Jermaine Filyah's decision to make as to whether to go to trial or to accept the plea offer, she informed her son that it was in his best interest to "take the plea deal." On May 26, 1998 during the plea canvass the court advised Jermaine Filyaw as to the rights which he was waiving and was informed by him and his mother that acceptance of the plea by the court is with their approval.
The court finds that attorney Brian Carlow acted diligently and competently in his communication with Jermaine Filyah and his mother in this matter. The court further finds that Jermaine Filyah received competent legal representation from attorney Brian Carlow.
The two conditions which a petitioner must satisfy, in order to show that he qualifies to have his conviction set aside because of a claim of ineffective assistance of trial counsel were addressed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) in the following language:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
 Id. at 687
Clearly, petitioner Jermaine Filyah is unable to make either showing in CT Page 6225 this case. Accordingly, Jermaine Filyah's Petition for Habeas Corpus is denied.
 So Ordered: _______________________ JUDGE CLARANCE J. JONES